

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00107-CR

RICKY DONNELL WALKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas[1]
Trial Court No. 2016-150-C2, Honorable Matt Johnson, Presiding

July 31, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

On February 27 and 28, 2017, appellant, Ricky Donnell Walker, was tried for the offense of possession of prohibited substances in a correctional facility.[2] Appellant pled not guilty and the case proceeded to a jury trial. After hearing evidence, the jury found

---

[1] Pursuant to the Texas Supreme Court docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 38.11 (West Supp. 2017).

appellant guilty and, after a brief punishment hearing, sentenced appellant to fifteen years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed his notice of appeal. We affirm.

Appellant's court-appointed appellate counsel filed a motion to withdraw from the representation supported by an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. Counsel notified appellant by letter of his motion to withdraw; provided him a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has filed a pro se response. The State did not file a brief.

In the present case, appellant was found guilty of the offense of possession of prohibited substances in a correctional facility, and sentenced to fifteen years' incarceration. By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous

issues that were preserved in the trial court which might support this appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).

After carefully reviewing the appellate record, counsel's brief, and appellant's pro se response, we conclude there are no plausible grounds for appellate review. We therefore affirm the trial court's judgment and grant counsel's motion to withdraw.[3] *See* TEX. R. APP. P. 43.2(a).

Judy C. Parker
Justice

Do not publish.

---

[3] Even though appellant was informed of his right to file a pro se petition for discretionary review upon execution of the Trial Court's Certification of Defendant's Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which provides that counsel shall within five days after this opinion is handed down, send appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.